**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| ANTHONY BLAKE LOWREY, | : | |
| Plaintiff | : | |
| vs. | : | |
| Judge OZBURN, *et al.*, | : | NO. 3:11-CV-48 (CAR) |
| Defendants | : | **O R D E R** |

*Pro se* plaintiff **ANTHONY BLAKE LOWREY**, an inmate at the McEver Probation Detention Center in Perry, Georgia, has filed a handwritten mandamus petition, and he seeks leave to proceed *in forma pauperis* (Tab # 2).

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section1915(g)'s imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding that section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation

of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera*, 144 F.3d at 721-27.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has reached the three "strikes" allowed by the PLRA to a prisoner attempting to proceed *in forma pauperis* in a federal civil lawsuit. *See Lowrey v. Barrow County*, No. 09-11777-C (11th Cir. May 29, 2009) (appeal dismissed as frivolous); *Lowrey v. Barrow County*, 2:08-CV-257-RWS (N.D. Ga. Mar. 2, 2009) (complaint dismissed for failure to state a claim); and *Lowrey v. Elliott*, 3:07-CV-113 (CDL) (M.D. Ga. Jan. 6, 2009 (complaint dismissed for failure to state a claim).

As plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff complains about alleged improprieties in connection with his probation revocation. Such allegations do not remotely constitute imminent danger of serious physical injury.

Because plaintiff has at least three prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form **and** the entire $350.00 filing fee. As the Eleventh Circuit held in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

For plaintiff's information, this Court does not have jurisdiction over mandamus actions with respect to state officials. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (finding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where

mandamus is the only relief sought."). Thus, this Court would dismiss plaintiff's mandamus action even if he paid the filing fee.

**SO ORDERED**, this 12th day of April, 2011.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

cr